

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2007

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2374

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chen v. Atty Gen USA" (2007). *2007 Decisions*. Paper 27.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/27

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2374

_____

FENG CHEN,
                              Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(No. A78-733-112)
Immigration Judge: Honorable Daniel Meisner

_____

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2007

_____

Before: SLOVITER, AMBRO, Circuit Judges, and RESTANI*, Judge

(Filed: December 20, 2007)

_____

OPINION

_____


RESTANI, Judge.

_____

    *Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

Petitioner Feng Chen ("Chen") challenges the decision of the Board of Immigration Appeals ("BIA") upholding denial of asylum. Chen's claim for asylum was grounded on an alleged forced abortion in China and fear of future sterilization or forced abortion based, at least in part, on the birth of her two children in the United States.

The Immigration Judge ("IJ") found Chen not credible with respect to the claim of a past forced abortion. Despite the seeming lack of obstacles to some form of corroboration, Chen produced none. The IJ also noted, among others, significant discrepancies in the Chen's testimony with regard to a prior visa application. We discern no challenge in Chen's opening brief to the IJ's finding of lack of credibility on this point.

Chen's claim to asylum now appears to rest solely on fear of future persecution. We find nothing in the agency record for us to review with regard to her new claim that giving birth in the United States was "other resistance" and that she will continue to resist by refusing to use an IUD. This leaves Chen's claim that bearing children in the United States gives rise to a well-founded fear of persecution on her part as the only matter for our consideration.

There is little evidence in the record on this point. The BIA cited the State Department's 2004 Profile of Country Conditions in China, which reports that official governmental policy forbids physical coercion of abortion or sterilization, and that observers state that the frequency of illegal forced sterilization and abortion is declining. Chen submitted no evidence of current country conditions or any evidence with regard to persecution on account of children born abroad, either generally or as to herself.

2

Accordingly, we will deny the petition for review.